BEN H. CANTRELL, Judge,
concurring.
I concur with the decision to affirm the trial court’s order. In my view, it is simply a case of statutory application. In the “Open Parole Hearing Act” of 1993 the legislature provided that the Parole Board shall receive and consider victim impact statements, Tenn. Code Ann. § 40-28-504(a); that notice be given to the victim or the victim’s representative and to the trial judge and district attorney involved in the original criminal prosecution. Tenn.Code Ann. § 40-28-505(b)(l), (2) and (4); and that on a failure to provide the required notices, the Board may schedule a new hearing if the Board receives a written victim impact statement within fifteen days of the time the parole decision is finalized, Tenn.Code Ann. § 40-28-505(d)(2).
The facts of this case fit the statute almost perfectly. I believe the Board was justified in scheduling the second hearing and in considering the feelings of the victim’s family. I believe that is what the legislature intended for the Board to do.